**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, New Jersey 07042
Ph. (973) 509-8500
eMail: LFarber@LFarberLaw.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**RITEN PANDYA,**<br><br>*Defendant.* | Case No. 2:15-cv-03938-MCA-MAH<br><br>CIVIL ACTION<br><br>**ANSWER, SEPARATE DEFENSES**<br>and<br>**DEMAND FOR JURY TRIAL** |

Defendant, RITEN PANDYA, by way of Answer to plaintiff's Amended Complaint, says:

INTRODUCTION

1. No factual allegations are alleged against this defendant in paragraph 1 of the Amended Complaint which consists solely of legal conclusions. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint and leaves plaintiff to its proofs.

2. Defendant Denies the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendant Denies the allegations contained in paragraph 3 of the Amended Complaint.

1

4. Defendant is without sufficient information to form a belief as to the allegations contained in paragraph 4 of the Amended Complaint and leaves plaintiff to its proofs.

## Jurisdiction and Venue

5. No factual allegations are alleged against this defendant in paragraph 5 of the Amended Complaint which consists solely of legal conclusions. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in this paragraph and leaves plaintiff to its proofs.

6. Defendant Denies the allegations contained in paragraph 6 of the Amended Complaint as they pertain to any acts allegedly committed by defendant.

7. No factual allegations are alleged against this defendant in paragraph 7 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Admits that he resides in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 7 of the Amended Complaint and leaves plaintiff to its proofs.

8. Defendant Admits residing in this District, but is without sufficient information to form a belief as to the remaining allegations contained in paragraph 8 of the Amended Complaint and leaves plaintiff to its proofs.

## Parties

9. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 9 of the Amended Complaint and leaves plaintiff to its proofs.

10. Defendant Admits the allegations contained in paragraph 10 of the Amended Complaint.

Factual Backround

11. No factual allegations are alleged against this defendant in paragraph 11 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

12. No factual allegations are alleged against this defendant in paragraph 12 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

13. No factual allegations are alleged against this defendant in paragraph 13 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

14. No factual allegations are alleged against this defendant in paragraph 14 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

15. No factual allegations are alleged against this defendant in paragraph 15 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

16. No factual allegations are alleged against this defendant in paragraph 16 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

17. No factual allegations are alleged against this defendant in paragraph 17 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

18. Defendant Denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant Denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant Denies the allegations contained in paragraph 20 of the Amended Complaint.

21. No factual allegations are alleged against this defendant in paragraph 21 of the Amended Complaint. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant Denies such allegations.

22. Defendant Denies the allegations contained in paragraph 22 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 22 of the Amended Complaint and leaves plaintiff to its proofs.

23. Defendant Denies the allegations contained in paragraph 23 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 23 of the Amended Complaint and leaves plaintiff to its proofs.

24. Defendant Denies the allegations contained in paragraph 24 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 24 of the Amended Complaint and leaves plaintiff to its proofs.

25. Defendant Denies the allegations contained in paragraph 25 of the Amended Complaint.

## Miscellaneous

26. No factual allegations are alleged against this defendant in paragraph 26 of the Amended Complaint which consists solely of legal conclusions. As such, this defendant is not obligated to Admit or Deny the allegations in this paragraph. To the extent this paragraph contains factual allegations against this defendant, defendant is without sufficient information to form a belief as to the allegations contained in paragraph 26 of the Amended Complaint and leaves plaintiff to its proofs.

27. Defendant is without sufficient information to form a belief as to the allegations contained in paragraph 27 of the Amended Complaint and leaves plaintiff to its proofs.

## Count I

28. Defendant Denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant Denies the allegations contained in paragraph 29 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 29 of the Amended Complaint and leaves plaintiff to its proofs.

30. Defendant Denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant Denies the allegations contained in paragraph 31 of the Amended Complaint to the extent that such allegations relate to or implicate any actions of defendant. Defendant is without sufficient information to form a belief as to the remaining allegations contained in paragraph 31 of the Amended Complaint and leaves plaintiff to its proofs.

32. Defendant Denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant Denies the allegations contained in paragraph 33 of the Amended Complaint.

WHEREFORE, plaintiff's Amended Complaint against defendant should be dismissed in its entirety with prejudice.

## SEPARATE DEFENSES

1. Defendant owed no duty to plaintiff since there is a question whether plaintiff actually owns or has exclusive right to the copyrights to the works remains in question, and whether plaintiff intentionally seeded the "honey pot" (or the market) with its digital files with the purpose of generating litigation.

2. <u>Failure to State a Claim Upon Which Relief Can Be Granted</u>.  Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted in that the applicable statute of

limitations has expired on plaintiff's works. In addition, plaintiff's Amended Complaint fails to adequately state facts, rather than conclusions, establishing any relation between the alleged BitTorrent swarm(s) and the IP address plaintiff asserts is related to defendant. As such, plaintiff's Amended Complaint fails to meet the pleadings standards established by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). Moreover, as plaintiff stated in its "Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference," Internet Service Providers may maintain its IP address logs "for weeks or months; others are stored very briefly before being purged." ECF No. 4-4 at 5, n. 3 (citing Statement of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee on Judiciary Subcommittee on Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) (available at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf.) Plaintiff has no evidence showing that defendant was the accountholder for IP address 74.102.11.27 during the alleged hits stated in Exhibit A annexed to the Amended Complaint.

      3.      Any damage suffered by plaintiff was due to conduct of third parties or the co-defendants over whom this defendant had no control, which conduct intervened and superseded any conduct or negligence of this defendant. Those other parties would be the actual person other than this defendant who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims this defendant participated in.

      4.      Plaintiff's claim is barred by the doctrine of unclean hands since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

5. Plaintiff's claim is barred by the doctrine of estoppel since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

6. <u>Failure to Join An Indispensable Party</u>.  Plaintiff has failed to join parties without whom the action cannot proceed and this defendant reserves the right to move to dismiss due to plaintiff's failure to join indispensable parties.  Those other parties would be the actual person other than this defendant who downloaded and/or shared the works in question, as well as the other persons who participated in the alleged swarm plaintiff claims this defendant participated in.

7. The contents of plaintiff's works are in the public domain since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

8. The copyrights to plaintiff's works were not properly registered.

9. Any copying or use of any of plaintiff's works by defendant was de minimis.

10. Any copying or use of any of plaintiff's works by defendant was fair use since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

11. Plaintiff has forfeited its rights in the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

12. Plaintiff has misused its rights of the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

13. Plaintiff has abandoned the copyrights of the works alleged in the Amended Complaint since, upon information and belief, plaintiff or its affiliates, Excipio GmbH, Guardaley and/or IPP International UG, intentionally seeded the "pot" or "honey pot" (or the market) with its digital files with the purpose of generating litigation.

14. On information and belief, plaintiff has received thousands of dollars in settlements from Doe defendants in similar cases for alleged copyright infringement in their participation in the BitTorrent swarm(s) in which plaintiff alleges defendant participated.  As a result, defendant is entitled to a set-off of all monies collected by plaintiff for the same works and alleged BitTorrent swarm(s) plaintiff alleges this defendant was a participant in which plaintiff has settled, or will settle in the future with other individuals.

LESLIE A. FARBER, LLC
Attorneys for Defendant

By:  /s/ Leslie A. Farber
Dated  November 8, 2015            Leslie A. Farber

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable herein.

LESLIE A. FARBER, LLC
Attorneys for Defendant

By:  /s/ Leslie A. Farber
Dated  November 8, 2015            Leslie A. Farber

<u>CERTIFICATION OF SERVICE</u>

      I hereby certify that on November 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service upon all parties who have appeared in the matter and upon all counsel of record has been perfected.

Dated  November 8, 2015

      /s/ Leslie A. Farber
      Leslie A. Farber